## Commonwealth v. Wagner

*Howard Stewart, Assistant District Attorney,* for the Commonwealth.
*Dan A. Blakinger,* for defendant.

MORRISON, *J.,* October 6, 1982—On May 24, 1982, defendant was hauling a load of tree-length lumber for his employer on his employer's tractor-trailer. He was stopped by a Pennsylvania State Trooper and cited for violating §4923(a) of the

Vehicle Code (Pa. Cons. Ann. tit. 75 Purdon's) which provides:

No motor vehicle, including any load and bumpers, shall exceed an overall length of 40 feet, and no combination including any load and bumpers, shall exceed an overall length of 60 feet.

The length of defendant's combination was sixty-three (63) feet. Defendant was found guilty by a District Justice and has appealed to this court, contending that he falls within an exception to §4923(a) of the Vehicle Code. The court agrees sustains the appeal and reverses the conviction.

The exception referred to, states that "[t]he limitations of (a) do not apply to the following:

Any combination transporting articles which do not exceed 70 feet in length and are nondivisible as to length."

Pa.Cons. Stat. Ann., tit. 75 §4923(b) (Purdon's). "Nondivisible" is defined in §102 of that title as:

"[I]ncapable of being divided into parts or dismembered without substantially damaging its usefullness or value."

The Commonwealth's contention is that, as the logs were destined to be processed and not used at their full length, they could not be considered nondivisible.

The instant case falls within the exception, if it can be shown that the tree-length logs being hauled were nondivisible; that is, that these logs could not be cut into parts without substantially damaging their usefulness or value.

The testimony at trial indicated that approximately 20 percent of the locally purchased timber fall within the category in question. Further; that

the lumber company, in order to obtain the maximum value from the trees, has to have specially trained personnel determine the best cuts that can obtained from the timber, factors to be considered include diameter, length, quality of timber i.e. imperfections, crooks in the timber, etc. These personnel, are not available in the field neither are the necessary tools or equipment. To cut the tiber in the field, to comply with the 60 feet length requirement, would substantially damage its usefulness or value.

Since the statute provides for 70 feet length to be transported, safety on the highway is irrelevant in this matter. To enforce the 60 foot provision, would waste a precious resource and thrust an unjustifiable hardship on the business community at a time when its survival depends on its ability to economize.

We therefore hold that the load in question is incapable of being divided into parts or dismembered without substantially damaging its usefulness or value.

In this case, we conclude that the hauling of tree-length logs fall within the exception in the Motor Vehicle Code permitting a length not exceeding 70 feet, if the articles are nondivisible.

Accordingly, we enter the following

ORDER

And now, October 6, 1982, the appeal is sustained, and the conviction is reversed.